**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                    :
MICHAEL J. McPARTLAND,              :
                                    :     Civil Action
          Plaintiff,                :     11-7080 (NLH)
                                    :
     v.                             :     **MEMORANDUM OPINION**
                                    :     **AND ORDER**
UNKNOWN OFFICER et al.,             :
                                    :
          Defendants.               :
_____ :

This matter comes before the Court upon Plaintiff's submission of a civil complaint ("Complaint"), see docket Entry No. 1, together with his application to proceed in this matter in forma pauperis ("IFP"), see Docket Entry No. 1-2, and it appearing that:

1. Plaintiff's IFP does not include his prison account statement. See id. Rather, it includes Plaintiff's affidavit of poverty and a number of documents seemingly intended to operate as exhibits to Plaintiff's Complaint. See id. at 4-7. These documents assert that: (a) prior to his incarceration, Plaintiff was residing in Toledo, Ohio, living with his cousin, George Cumberworth; and (b) after Plaintiff's incarceration, Cumberworth wrongfully withdrew monies from Plaintiff's bank account which contained $3,000 Plaintiff allegedly inherited from his mother and $12,000 in funds deposited in error by an unnamed official of the

    Toledo division of the Social Security Administration.[1]  <u>See</u> <u>id.</u>

2. Plaintiff's Complaint: (a) asserts a claim against Cumberworth for $214,450 based on the allegedly fraudulent withdrawals (without clarifying how he arrived at this amount); and, in addition, (b) states that he wishes to initiate a "prophylactic" legal action against the unspecified officer of the Toledo division of the Social Security Administration.  He seeks assurances that he will not be held liable, as an accomplice or conspirator, for Cumberworth's withdrawals of funds improperly deposited by the Social Security Administration into Plaintiff's bank account).  <u>See</u> Docket Entry No. 1.

3. To the extent Plaintiff seeks to commence this action IFP, Plaintiff's application will be denied.  The Clerk will not file a civil rights complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted IFP status, pursuant to 28 U.S.C. § 1915.  <u>See</u> Local Civil R. 5.1(f).  The filing fee for a civil rights complaint is $350.00.  <u>See</u>  28 U.S.C.

---

[1] In light of the allegation that funds were obtained improperly from the federal government, the Court will direct the Clerk to serve this Memorandum Opinion and Order upon the Toledo division of the United States Attorney's Office for the Northern District of Ohio.

2

    § 1914(a). If a prisoner seeks permission to file a civil rights complaint IFP, the Prison Litigation Reform Act ("PLRA") requires the prisoner to file an affidavit of poverty and a certified prison account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). Here, Plaintiff is a prisoner, see Docket Entry No. 1-2, at 1, and he failed to pay his filing fee or submit his certified six-month prison account statement. See, generally, Docket Entry No. 1. No statement in his Complaint and exhibits indicates that Plaintiff is in danger of imminent physical injury warranting grant of conditional IFP status. See id. Therefore, his IFP application shall be denied.

4. In a typical scenario, the Court would deny Plaintiff IFP status without prejudice, allowing him to submit his certified six-month prison account statement. However, in the instant matter, denial of IFP with leave to submit Plaintiff's account statement in this action appears unwarranted. Section 1965 provides, in relevant part, that:

> Any civil action . . . against any [defendant] may be instituted in the district court of the United States for any district in which such [defendant] resides . . . or transacts his affairs.

18 U.S.C. § 1965(a).

A companion venue provision states:

> A civil action . . . may . . . be brought only

> in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a *substantial* part of the events or omissions giving rise to the claim occurred, or a *substantial* part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b) (emphasis supplied).

5. Here, Cumberworth resides in Ohio and the unspecified officer of the Toledo division of the Social Security Administration resides and conducts business in Ohio. Moreover, all alleged events took place in Toledo, Ohio. Therefore, the proper venue for Plaintiff's claims stated in the Complaint is the United States District Court for the Northern District of Ohio.

6. A court may transfer any civil action for the convenience of the parties or witnesses, or in the interests of justice, to any district where the action might have been brought. See 28 U.S.C. §1404(a). "[T]he purpose of [§ 1404(a) ] is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). Here, transfer of this matter to the Northern District of Ohio appears unwarranted, since no filing fee is being collected from Plaintiff in connection with this matter, no litigant, witness or public interest

4

would be protected by the continuation of this action, and the claim is doubtful both procedurally and substantively.

IT IS, therefore, on this __5th__ day of __July__, 2012,

ORDERED that Plaintiff's application to prosecute this matter in forma pauperis is denied; and it is further

ORDERED that such denial is without prejudice to Plaintiff's seeking in forma pauperis status upon submission of his complete in forma pauperis application and his pleading to the court of proper venue; and it is further

ORDERED that no statement made in this Memorandum Opinion and Order shall be construed as expressing this Court's position as to validity or invalidity of Plaintiff's claims, if such are asserted in a pleading filed with the court of proper venue.  All such determinations shall be within sole and exclusive jurisdiction of such court; and it is further

ORDERED that the Clerk shall administratively terminate this action, without filing the complaint and without assessing any filing fee, by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED"; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail; and it is finally

ORDERED that the Clerk shall serve, by regular U.S. mail, this Memorandum Opinion and Order upon the Toledo division of the Office of the United States Attorney for the Northen District of

Ohio, located at Four Seagate, Third Floor, Toledo, Ohio 43604, and shall accompanying such service with a notation reading, "SERVICE EXECUTED FOR INFORMATIONAL PURPOSES ONLY."

                                             s/ Noel L. Hillman
                                         **NOEL L. HILLMAN**
                                         **United States District Judge**

At Camden, New Jersey