**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

```
_____
                                  :
MICHAEL J. McPARTLAND,            :
                                  :        Civil Action
            Plaintiff,            :        11-7080 (NLH)
                                  :
            v.                    :        MEMORANDUM OPINION
                                  :        AND ORDER
UNKNOWN OFFICER et al.,           :
                                  :
            Defendants.           :
_____:
```

This matter comes before the Court upon Plaintiff's
submission of a civil complaint ("Complaint"), see docket Entry
No. 1, together with his application to proceed in this matter in
forma pauperis ("IFP"), see Docket Entry No. 1-2, and it
appearing that:

1.    Plaintiff's IFP does not include his prison account
      statement.  See id.  Rather, it includes Plaintiff's
      affidavit of poverty and a number of documents seemingly
      intended to operate as exhibits to Plaintiff's Complaint.
      See id. at 4-7.  These documents assert that: (a) prior to
      his incarceration, Plaintiff was residing in Toledo, Ohio,
      living with his cousin, George Cumberworth; and (b) after
      Plaintiff's incarceration, Cumberworth wrongfully withdrew
      monies from Plaintiff's bank account which contained $3,000
      Plaintiff allegedly inherited from his mother and $12,000 in
      funds deposited in error by an unnamed official of the

Toledo division of the Social Security Administration.[1]  See
id.

2.    Plaintiff's Complaint: (a) asserts a claim against
      Cumberworth for $214,450 based on the allegedly fraudulent
      withdrawals (without clarifying how he arrived at this
      amount); and, in addition, (b) states that he wishes to
      initiate a "prophylactic" legal action against the
      unspecified officer of the Toledo division of the Social
      Security Administration.  He seeks assurances that he will
      not be held liable, as an accomplice or conspirator, for
      Cumberworth's withdrawals of funds improperly deposited by
      the Social Security Administration into Plaintiff's bank
      account).  See Docket Entry No. 1.

3.    To the extent Plaintiff seeks to commence this action IFP,
      Plaintiff's application will be denied.  The Clerk will not
      file a civil rights complaint unless the person seeking
      relief pays the entire applicable filing fee in advance or
      the person applies for and is granted IFP status, pursuant
      to 28 U.S.C. § 1915.  See Local Civil R. 5.1(f).  The filing
      fee for a civil rights complaint is $350.00.  See  28 U.S.C.

---

[1] In light of the allegation that funds were obtained
improperly from the federal government, the Court will direct the
Clerk to serve this Memorandum Opinion and Order upon the Toledo
division of the United States Attorney's Office for the Northern
District of Ohio.

§ 1914(a).  If a prisoner seeks permission to file a civil rights complaint IFP, the Prison Litigation Reform Act ("PLRA") requires the prisoner to file an affidavit of poverty and a certified prison account statement for the six-month period immediately preceding the filing of the complaint.  <u>See</u> 28 U.S.C. § 1915(a)(2).  Here, Plaintiff is a prisoner, <u>see</u> Docket Entry No. 1-2, at 1, and he failed to pay his filing fee or submit his certified six-month prison account statement.  <u>See</u>, <u>generally</u>, Docket Entry No. 1.  No statement in his Complaint and exhibits indicates that Plaintiff is in danger of imminent physical injury warranting grant of conditional IFP status.  <u>See</u> <u>id.</u> Therefore, his IFP application shall be denied.

4.    In a typical scenario, the Court would deny Plaintiff IFP status without prejudice, allowing him to submit his certified six-month prison account statement.  However, in the instant matter, denial of IFP with leave to submit Plaintiff's account statement in this action appears unwarranted.  Section 1965 provides, in relevant part, that:

> Any civil action . . . against any [defendant] may
> be instituted in the district court of the United
> States for any district in which such [defendant]
> resides . . . or transacts his affairs.

18 U.S.C. § 1965(a).

A companion venue provision states:

> A civil action . . . may . . . be brought only

3

in (1) a judicial district where any defendant
resides, if all defendants reside in the same
State, (2) a judicial district in which a
*substantial* part of the events or omissions giving
rise to the claim occurred, or a *substantial* part
of property that is the subject of the action is
situated, or (3) a judicial district in which any
defendant may be found, if there is no district in
which the action may otherwise be brought.

28 U.S.C. § 1391(b) (emphasis supplied).

5. Here, Cumberworth resides in Ohio and the unspecified
officer of the Toledo division of the Social Security
Administration resides and conducts business in Ohio.
Moreover, all alleged events took place in Toledo, Ohio.
Therefore, the proper venue for Plaintiff's claims stated in
the Complaint is the United States District Court for the
Northern District of Ohio.

6. A court may transfer any civil action for the convenience of
the parties or witnesses, or in the interests of justice, to
any district where the action might have been brought.  See
28 U.S.C. §1404(a).  "[T]he purpose of [§ 1404(a) ] is to
prevent the waste of time, energy, and money and to protect
litigants, witnesses and the public against unnecessary
inconvenience and expense."  Van Dusen v. Barrack, 376 U.S.
612, 616 (1964).  Here, transfer of this matter to the
Northern District of Ohio appears unwarranted, since no
filing fee is being collected from Plaintiff in connection
with this matter, no litigant, witness or public interest

4

would be protected by the continuation of this action, and the claim is doubtful both procedurally and substantively.

IT IS, therefore, on this   5th   day of   July  , 2012,

ORDERED that Plaintiff's application to prosecute this matter in forma pauperis is denied; and it is further

ORDERED that such denial is without prejudice to Plaintiff's seeking in forma pauperis status upon submission of his complete in forma pauperis application and his pleading to the court of proper venue; and it is further

ORDERED that no statement made in this Memorandum Opinion and Order shall be construed as expressing this Court's position as to validity or invalidity of Plaintiff's claims, if such are asserted in a pleading filed with the court of proper venue.  All such determinations shall be within sole and exclusive jurisdiction of such court; and it is further

ORDERED that the Clerk shall administratively terminate this action, without filing the complaint and without assessing any filing fee, by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED"; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail; and it is finally

ORDERED that the Clerk shall serve, by regular U.S. mail, this Memorandum Opinion and Order upon the Toledo division of the Office of the United States Attorney for the Northen District of

Ohio, located at Four Seagate, Third Floor, Toledo, Ohio 43604,
and shall accompanying such service with a notation reading,
"SERVICE EXECUTED FOR INFORMATIONAL PURPOSES ONLY."


       s/ Noel L. Hillman

**NOEL L. HILLMAN**
**United States District Judge**

At Camden, New Jersey